[No. F017162. Fifth Dist. May 28, 1993.]

JERRY ANN RICHAUD, Plaintiff and Appellant, v.
W. KENNETH JENNINGS et al., Defendants and Respondents.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Fredric J. Greenblatt for Plaintiff and Appellant.

LeBeau, Thelen, Lampe, McIntosh & Crear, Dennis R. Thelen and W. Steven Shayer for Defendants and Respondents.

**OPINION**

**ARDAIZ, Acting P. J.**—In this appeal from a consent judgment entered in favor of respondent in a medical malpractice action, appellant contends that

the trial court erred in granting respondent's motion *in limine* to exclude from the trial any expert testimony of appellant's only orthopedic expert. We affirm.

## FACTS

Plaintiff and appellant Jerry Ann Richaud filed a medical malpractice action against defendant and respondent W. Kenneth Jennings, M.D., on or about January 16, 1990. Respondent answered the complaint on or about March 21, 1990, and trial of the matter was set for August 26, 1991.

On or about June 17, 1991, respondent served appellant with a demand for exchange of expert witness information.[2] The demand identified July 5, 1991, as the date for exchange of such information. On July 5, appellant served respondent with appellant's "Designation of Expert Witnesses" listing three experts.

On or about July 12, 1991, the law office of Greenblatt & Associates substituted in as attorney of record for appellant in place of the law office of Stephen R. Wolfson.

On August 9, appellant filed a motion requesting a 60-day continuance of the August 26 trial date. Appellant's written motion stated in part: "This motion is made . . . on the grounds that the new trial counsel requires additional time in which to prepare for the trial. Former counsel is medically unable to participate as trial counsel in this matter and new counsel requires the time to prepare for trial." The 15th day before the August 26 trial date fell on August 11, a Sunday. Discovery pertaining to expert witnesses was therefore permitted as a matter of right up to and including a date not later than August 12, 1991.[3]

On August 15 appellant notified respondent by letter that one of appellant's three designated experts, Dr. Dennis Ainbinder, "will be unable to testify as an expert witness" in the case.

On August 16, appellant's motion for a continuance was heard by the Honorable Arthur E. Wallace. No court reporter was present for this hearing.

[2]See Code of Civil Procedure, section 2034, subdivisions (a), (b) and (c).

[3]See Code of Civil Procedure section 2024, subdivision (d), which states: "Any party shall be entitled as a matter of right to complete discovery proceedings pertaining to a witness identified under Section 2034 on or before the 15th day, and to have motions concerning that discovery heard on or before the 10th day, before the date initially set for the trial of the action."

The parties appear to agree, however, that Judge Wallace requested an additional declaration from appellant, additional points and authorities from one or both of the parties, and took the matter under submission.[4]

On August 28, the court granted appellant's motion for a continuance of the August 26 trial date. The court's ruling stated: "GRANT MOTION - CONT TRIAL TO 10/15/91" and on the next line "DISCOVERY PLAN APPROVED & ORDERED TO BE COMPLIED WITH."[5]

On or about September 16, 1991, respondent's attorney wrote a letter to the court in which he pointed out that no discovery plan had been submitted. The letter requested a clarification of the court's August 28 order and stated in part:

"My primary concern is whether or not the court's order regarding discovery was in any way intended to affect the status of Plaintiff's expert witnesses. Plaintiff originally designated three expert witnesses, Dr. Carlos Robles, Dr. Dennis Ainbinder, an orthopedist, and Dr. Robert E. Morrow, also an orthopedist. When we attempted to take the depositions of Drs. Ainbinder and Morrow, the Plaintiff withdrew those gentlemen as experts. In the supplemental declaration in support of Plaintiff's motion for a continuance of the trial, Plaintiff's counsel stated that, as of August 20, 1991, he had contacted two experts who were willing to review Plaintiff's medical records and schedule an examination of her. As of this date, however, Plaintiff has not made any motion to augment his expert witness list, which we believe to be required by [Code of Civil Procedure] § 2034(k).

"Consequently, I request the court's clarification of the order dated August 28, 1991, regarding the alleged discovery plan."

On September 19, the court issued a "CORRECTED MINUTE ORDER" which stated: "NO DISCOVERY PLAN HAS BEEN SUBMITTED IN REFORANCE [sic] TO

---

[4]See footnote 5, post.

[5]Appellant contends that the reason why Judge Wallace granted her motion for a continuance was so that she could obtain an additional expert to replace Dr. Ainbinder. At the subsequent October 16 hearing on respondent's motion to exclude from trial any expert testimony from the replacement expert, Dr. David Zaccalini, appellant's attorney stated, with reference to Judge Wallace's conducting of the August 16 hearing on appellant's motion for a continuance: "What he indicated at a hearing that Mr. Thelen was not at but an associate from his office was that he was concerned about this designation or refusal to appear by Dr. Ainbinder. He indicated to me he wanted a follow-up declaration from me setting forth a time frame as to when I could come up with an expert witness and some additional information that's contained in the declaration that he is referring to. I supplied that." The follow-up declaration referred to by appellant's attorney has not been made part of the record on appeal, although it apparently played a significant role in Judge Wallace's eventual August 28 decision to grant appellant a continuance.

THE MOTION TO CONTINUE AND REFORANCE [*sic*] TO THE SAME IN THE CTS MINUTE ORDER OF 08/28/91 WAS IN ERROR. ALL DISCOVERY IS CLOSED EXCEPT EXPERTS WHO ARE ALLOWED TO BE DESIGNATED LATE, IF ANY."

On or about October 4 appellant personally served respondent with a document entitled "SUPPLEMENTAL DESIGNATION OF EXPERT WITNESSES" in which appellant stated that she intended to call Dr. Patrick S. Zaccalini as an expert witness at trial. On October 16, respondent filed a written objection to appellant's supplemental designation and argued that discovery was closed, that appellant had failed to obtain a court order permitting her to augment her list of expert witnesses, and that the court's September 19 order (quoted in full above) did not allow for the unilateral supplemental designation of an expert witness without a prior court order permitting such a supplemental designation.[6] Respondent also made a motion *in limine* to exclude from the trial any expert testimony by Dr. Zaccalini.

Also on October 16, appellant filed a motion to disqualify respondent's counsel, Dennis Thelen. The motion contended that Attorney Thelen had previously represented one of plaintiff's experts, Dr. Carlos J. Robles, and that Thelen had learned from Robles "confidential information which is highly prejudicial to Plaintiff Jerry Ann Richaud."

The court denied appellant's motion to disqualify attorney Thelen and granted respondent's motion to exclude from the trial any testimony of Dr. Zaccalini.

The next day appellant's attorney stated that "the court's granting of defendant's motion *in limine* to exclude the expert testimony of Dr. Zaccalini makes it impossible for plaintiff Jerry Anne [*sic*] Richaud to prove her case at this time." He stated his belief that "it's incumbent upon a plaintiff to prove that a doctor was negligent" and that "[w]ithout expert testimony we cannot determine whether any or all of the matters failed to measure up to the criteria to determine medical malpractice . . . ." He also stated: ". . . as long as the plaintiff acknowledges that it cannot win the case because it cannot meet its burden of proof, then it would be wasteful of court time to require the plaintiff to undergo a probably unsuccessful court trial merely to obtain an appealable judgment. [¶] Therefore, we have decided to consent to facilitate an appeal . . . ."

---

[6]Although the court's August 28 ruling continued the trial to October 15, the record presented to us on appeal does not reflect what, if anything, occurred on October 15. The events of significance to this appeal took place on October 16 and 17, as explained in the text of this opinion.

The court stated: "In other words, it's your position that all would happen, you would put on your case, you would rest, Mr. Thelen would make a motion for directed verdict and you would not be able to respond except to acquiesce basically based on the evidence you could marshal without Dr. Zaccalini?" Appellant's attorney replied:

"That would be correct. Without Dr. Zaccalini we would be unable to meet our burden."

Respondent's counsel then stated, "at this time I would make a motion under [Code of Civil Procedure] Section 581(d) to have the plaintiff's case dismissed." After some discussion about whether Code of Civil Procedure section 581, subdivision (d) was the appropriate authority to use in this situation, the court dismissed appellant's action, stating: "Well, it seems to me that 581(d) is probably the code section which is the closest to what we have here because when the plaintiff abandons it now, there is a connotation to abandonment, but in reality what you have said on the record is I have to abandon in the sense that I cannot go forward because if I go forward, all that's going to happen is I'm going to run up against the wall two miles down the road. And I'm going to dismiss it based upon your statement that you cannot prove your case to the point where you can get it to the jury based upon the unavailability of a designated orthopedic specialist." Judgment was entered in favor of respondent Jennings.

APPELLANT'S CONTENTIONS

Appellant contends that (1) the trial court erred in granting respondent's motion to exclude any expert witness testimony from Dr. Zaccalini, and (2) the court erred in denying appellant's motion to recuse attorney Thelen as respondent's attorney. Respondent argues that the trial court's ruling was correct, and further contends that appellant "abandoned" her case after receiving rulings adverse to her on these motions and therefore cannot now appeal her adverse judgment.[7]

I.

APPEALABILITY*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

[7]In the unpublished portion of this opinion, we conclude the judgment is appealable.
*See footnote 1, ante, page 81.

## II.

### THE EXCLUSION OF DR. ZACCALINI'S TESTIMONY

Code of Civil Procedure section 2034 governs discovery pertaining to expert witnesses in civil actions. Both parties agree that appellant did not list Dr. Zaccalini on appellant's expert witness designation served on July 5, and both agree that court permission was required for either party to augment its expert witness list after that date. ██ Appellant contends, however, that the court's September 19, 1991, order, quoted above, granted her the required permission and that she could therefore designate an additional expert at any time. Respondent counters that the words "all discovery is closed except experts who are allowed to be designated late, if any," meant that all discovery was closed unless a party obtained, sometime after the court's September 19 order, permission pursuant to Code of Civil Procedure section 2034, subdivision (k), to augment that party's expert witness, and that if such permission was obtained, then discovery as to that augmented expert witness could be conducted.[8]

---

[8]Subdivision (k) of Code of Civil Procedure section 2034 states: "On motion of any party who has engaged in a timely exchange of expert witness information, the court may grant leave to (1) augment that party's expert witness list and declaration by adding the name and address of any expert witness whom that party has subsequently retained, or (2) amend that party's expert witness declaration with respect to the general substance of the testimony that an expert previously designated is expected to give. This motion shall be made a sufficient time in advance of the time limit for the completion of discovery under Section 2024 to permit the deposition of any expert to whom the motion relates to be taken within that time limit. However, under exceptional circumstances, the court may permit the motion to be made at a later time. This motion shall be accompanied by a declaration stating facts showing a reasonable and good faith attempt at an informal resolution of each issue presented by the motion. The demand, and all expert witness lists and declarations exchanged in response to it, shall be lodged with the court when their contents become relevant to an issue in any pending matter in the action. The court shall grant leave to augment or amend an expert witness list or declaration only after taking into account the extent to which the opposing party has relied on the list of expert witnesses, and after determining that any party opposing the motion will not be prejudiced in maintaining that party's action or defense on the merits, and that the moving party either (1) would not in the exercise of reasonable diligence have determined to call that expert witness or have decided to offer the different or additional testimony of that expert witness, or (2) failed to determine to call that expert witness, or to offer the different or additional testimony of that expert witness as a result of mistake, inadvertence, surprise, or excusable neglect, provided that the moving party (1) has sought leave to augment or amend promptly after deciding to call the expert witness or to offer the different or additional testimony, and (2) has promptly thereafter served a copy of the proposed expert witness information concerning the expert or the testimony described in subdivision (f) on all other parties who have appeared in the action. Leave shall be conditioned on the moving party making the expert available immediately for a deposition under subdivision (i), and on such other terms as may be just, including, but not limited to, leave to any party opposing the motion to designate additional expert witnesses or to elicit additional opinions from those

There is no doubt as to which meaning Judge Wallace intended when he issued his September 19 order because at the October 16 hearing before the Honorable Roger D. Randall, Judge Randall arranged a "speaker phone intercom discussion with Judge Wallace" with the parties present and without objection from any party, and Judge Wallace stated that the meaning attributed by respondent to the September 19 order was the meaning that was intended when the order was made. In spite of that, appellant still insists on this appeal that the meaning appellant's attorney says he attributed to the September 19 order is the correct meaning, and that Judge Randall's granting of respondent's motion to exclude expert testimony from Dr. Zaccalini "overruled the binding order of September 19, 1991." Respondent still argues that the interpretation of the September 19 order expressly confirmed by Judge Wallace was the correct interpretation.

The more important question, however, is not which interpretation of Judge Wallace's September 19 order was intended by Judge Wallace. The more important question is whether the court ruled correctly in excluding any expert testimony from Dr. Zaccalini. Subdivision (j) of Code of Civil Procedure section 2034 states:

"Except as provided in subdivisions (k), (l), and (m), on objection of any party who has made a complete and timely compliance with subdivision (f), the trial court shall exclude from evidence the expert opinion of any witness that is offered by any party who has unreasonably failed to do any of the following:

"(1) List that witness as an expert under subdivision (f).

"(2) Submit an expert witness declaration.

"(3) Produce reports and writings of expert witnesses under subdivision (g).

"(4) Make that expert available for a deposition under subdivision (i)."

Respondent's objection to appellant's "supplemental" designation of Dr. Zaccalini relied on subpart (1) of subdivision (j) of Code of Civil Procedure section 2034. That is, respondent contends that appellant "unreasonably failed to . . . list that witness as an expert under subdivision (f)." Subdivision (f) provides as follows:

previously designated, a continuance of the trial for a reasonable period of time, and the awarding of costs and litigation expenses to any party opposing the motion.

"The court shall impose a monetary sanction under Section 2023 against any party, person, or attorney who unsuccessfully makes or opposes a motion to augment or amend expert witness information, unless it finds that the one subject to the sanction acted with substantial justification or that other circumstances made the imposition of the sanction unjust."

"(f) All parties who have appeared in the action shall exchange information concerning expert witnesses in writing *on or before the date of exchange specified in the demand.* The exchange of information may occur at a meeting of the attorneys for the parties involved or by a mailing on or before the date of exchange.

"(1) The exchange of expert witness information shall include either of the following:

"(A) A list setting forth the name and address of any person whose expert opinion that party expects to offer in evidence at the trial.

"(B) A statement that the party does not presently intend to offer the testimony of any expert witness.

"(2) If any witness on the list is an expert as described in paragraph (2) of subdivision (a), the exchange shall also include or be accompanied by an expert witness declaration signed only by the attorney for the party designating the expert, or by that party if that party has no attorney. This declaration shall be under penalty of perjury and shall contain:

"(A) A brief narrative statement of the qualifications of each expert.

"(B) A brief narrative statement of the general substance of the testimony that the expert is expected to give.

"(C) A representation that the expert has agreed to testify at the trial.

"(D) A representation that the expert will be sufficiently familiar with the pending action to submit to a meaningful oral deposition concerning the specific testimony, including any opinion and its basis, that the expert is expected to give at trial.

"(E) A statement of the expert's hourly and daily fee for providing deposition testimony." (Code Civ. Proc., § 2034, subd. (f), italics added.)[9]

If a party's designated expert witness were to become unavailable after expert witness information had been exchanged, it is reasonable that the party would want to replace the unavailable expert with another expert. Let us take, for example, the hypothetical situation of a party who timely

---

[9]As we have previously stated, the date of exchange specified in respondent's June 17, 1991, demand was July 5, 1991. See also subdivision (d) of Code of Civil Procedure section 2034, which states: "The party demanding an exchange of information concerning expert trial witnesses shall serve the demand on all parties who have appeared in the action."

designates expert No. 1, only to have expert No. 1 die sometime after the designation but before the trial. In such a situation the party could not be said to have "unreasonably" failed to list the replacement expert (expert No. 2) on that party's previously exchanged expert witness list. This is because the party had no reason to believe that expert No. 2 would be needed until after expert witness information had been exchanged, i.e., until expert No. 1 died. Subdivision (j) appears to contain no express provision for exclusion of testimony of an expert witness offered by a party who has unreasonably failed to move under subdivision (k) to augment that party's expert witness list with a new expert. ██ Nevertheless, it seems clear that a purpose of section 2034 is to require a litigating party to reveal expert witness information to the other parties at a time that is not so late in the pretrial stage that expert witness discovery might interfere with other trial preparation, except in unusual circumstances. This is usually 50 days before the initial trial date. (Code Civ. Proc. § 2034, subd. (c).) Furthermore, the very purpose of subdivision (k) is to provide a procedure for augmentation of a party's expert witness list when for some good reason an expert was not listed on a party's original expert witness list. In our hypothetical, it would be anomalous to conclude that because expert No. 2 was not needed at the time expert witness information was exchanged, and therefore was not included on the party's original expert witness list, that party could then simply show up at trial with expert No. 2, announce that expert No. 1 is dead, and insist on calling expert No. 2 as a replacement witness without having first sought to augment that party's expert witness list to include expert No. 2. One apparent reason for this is that the opportunity to depose the expert is dependent on the inclusion of the expert in the witness list. Since the adverse party ordinarily has a right to depose the opponent's expert and that right is contingent upon listing the expert under the code, failure to properly list the expert would affect deposition rights.

██ The spirit of Code of Civil Procedure section 2034, though apparently not the letter of subdivision (j) itself, implies that a party who wishes to call at trial an expert who was not designated when expert witness information was exchanged and who is intended to take the place of a previously designated but now unavailable expert, must *make* a motion under subdivision (k) to augment that party's expert witness list to include the new expert.[10] The party cannot do nothing and then insist that the replacement expert can be called at trial on the ground that the party's failure to list the

---

[10]This appears to be the import of the opening phrase of subdivision (j), which states "Except as provided in subdivisions (k), (*l*) and (m)." Neither party contends that subdivisions (*l*) or (m) have any relevance to this case. Nothing in subdivisions (j) or (k), however, expressly states that the testimony of a replacement expert will be excluded if the party seeking to use that replacement expert has not sought leave pursuant to subdivision (k) to augment that party's expert witness list to include the replacement expert.

replacement expert when expert witness information was exchanged was not "unreasonable." Nor can the party comply with the statute by unilaterally, without leave of court and at any time the party chooses, simply serving a so-called "supplemental" expert witness designation listing the new replacement expert.

The present case involves yet an additional circumstance, however. That is the court's September 19 order stating that "ALL DISCOVERY IS CLOSED EXCEPT EXPERTS WHO ARE ALLOWED TO BE DESIGNATED LATE, IF ANY." After Judge Randall and the two attorneys obtained Judge Wallace's clarification that the September 19 order was not intended to relieve appellant of her obligation to make a motion to augment, Judge Randall entertained argument and then stated: "THE COURT: All right. Obviously there was a remedy available and there was a remedy available even after September 19 and that would have been to seek relief pursuant to the statute. That hasn't been—it seems the in limine is well taken and it is granted with regard to Dr. Zaccalini."

Judge Randall found no Code of Civil Procedure section 2034, subdivision (k) motion had been made. He concluded and we agree that the appropriate remedy under the statute was the making of a motion under subdivision (k). Appellant did not do this. Since the alleged reason is a misconstruction of Judge Wallace's order, this failure can, perhaps, be understood for the period of time up to October 16. However, at the time the issue was raised before Judge Randall in the *in limine* motion, it was apparent that appellant had misconstrued Judge Wallace's order or, at least, had been found to have misconstrued it. Therefore, at that juncture, accepting Judge Randall's conclusion, the appropriate course would have been to ask for relief under subdivision (k). Had this been done, appellant would have called upon Judge Randall to exercise his discretion under the statute. Appellant did not do so. Further, the record does not contain any indication that the court would have been unwilling to entertain such a motion. As our interpretation of the relevant code provisions indicates, we see no authority for Judge Randall to act outside the provisions of subdivision (k) in allowing the testimony of Dr. Zaccalini.

Appellant wants this court to reverse Judge Randall for failure to allow Dr. Zaccalini to testify. We have concluded that in order to utilize Dr. Zaccalini as an expert, appellant must move to augment her expert witness list under Code of Civil Procedure section 2034, subdivision (k). Judge Randall found no subdivision (k) motion had been made. However, making such a motion was never precluded. Judge Randall cannot be faulted for failing to do what he wasn't asked to do. Under the circumstances of this case, appellant did not pursue the course of action that might have provided

her with relief. As we have discussed, a replacement expert should not be permitted to testify, over objection, when the party seeking to call the replacement expert has failed to move to augment that party's expert witness list to include the replacement expert. Such an augmentation motion, even at the date and time involved in this case, would allow the opponent to explain the prejudice created, allow the proponent to demonstrate good cause for any delay and, most importantly, allow the court to minimize any continuances and disruption of the litigation.[11]

The judgment is affirmed. Costs are awarded to respondent.

Dibiaso, J., and Buckley, J., concurred.

---

[11]In light of our conclusion that the trial court's ruling excluding testimony was correct under the circumstances, it is unnecessary for us to reach final issue concerning the appellant's motion to disqualify defense counsel.