Filed 6/5/14  Lewis v. Am-Cal Services CA1/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION ONE

| | |
|---|---|
| ISIAH LEWIS,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>AM-CAL SERVICES, INC., et al.,<br><br>        Defendants and Respondents. | A136266<br><br>(Solano County<br>Super. Ct. No. FCS036118) |

After his attorney withdrew less than a month prior to the scheduled trial date, plaintiff Isiah Lewis was denied a continuance of the trial to find new counsel.  On the date scheduled for trial, Lewis failed to appear, and the trial court entered judgment against him with prejudice under Code of Civil Procedure section 631.8.  Because we conclude the trial court abused its discretion in denying the continuance and erred in granting judgment with prejudice, we vacate the judgment and remand for trial.

## I.  BACKGROUND

Lewis, acting in pro. per., filed suit against defendants Am-Cal Services, Inc., Glenn Oribello, Timothy Hussey, and Green Island Enterprises on June 30, 2010, alleging improprieties in connection with a real estate foreclosure.  By June 2011, Lewis was represented by counsel.  On July 2, 2012, however, this attorney withdrew, and Lewis substituted as his own attorney.  At the time, trial was scheduled for July 24, 2012.

On July 12, 2012, the parties appeared for a hearing on defendants' motion to bifurcate the trial.  Lewis explained to the court that his attorney had "resigned" and asked for time to find a new attorney.  Lewis told the court the attorneys he had contacted

about assuming the representation told him they would not appear unless the trial date was vacated. The court responded, "I don't see that happening, quite frankly," noting the trial date had been set in February and commenting, "it doesn't look like, to me, sir, you're going to be ready to proceed to trial." Defense counsel urged the court to leave the trial date intact. The court granted the motion to bifurcate and indicated the equitable portion of the case would be called for trial as scheduled, on July 20, 2012.

On July 20, Lewis apparently was seen at the courthouse by a court bailiff, but he was not present in court when the case was called for trial. The court confirmed the trial date, noting, "presumably [Lewis is] ready, if he was here earlier." The day before trial, Lewis filed a notice of appeal of the ruling on the motion to bifurcate.

Lewis did not appear for trial on July 24. John Dioguardi, counsel for defendants Hussey and Green Island Enterprises, opened the hearing by arguing the trial court retained jurisdiction, notwithstanding the notice of appeal, because the ruling on the motion was not an appealable order. The trial court agreed. Dioguardi told the court he had received no communication from Lewis to explain his absence. He then moved for entry of judgment under Code of Civil Procedure section 631.8. Following an adjournment to allow the trial court to review defendants' trial brief, Dioguardi asked for leave to make "a very brief opening statement on behalf of the defendants, for prejudice to attach under [Code of Civil Procedure, section] 581." Dioguardi explained the present dispute followed an earlier lawsuit, as a result of which Lewis agreed to make payments on a promissory note secured by a deed of trust. Lewis complied for a few months, but then he stopped making payments, and defendants foreclosed on the real property securing the deed of trust. Dioguardi said he was prepared to prove the foreclosure sale, the foundation of Lewis's present claims, was properly executed. He then renewed his request for judgment under section 631.8.

Counsel for defendants Oribello and Am-Cal Services, Inc. argued Civil Coode section 2924 established a rebuttable presumption that a trustee's sale had been regularly and properly conducted. Because Lewis had presented no evidence to rebut this presumption, counsel argued, his clients were entitled to judgment under Code of Civil

2

Procedure section 631.8. Notwithstanding counsels' presentations, no testimony was taken, and no documentary evidence was admitted.

The court granted the requested judgment under Code of Civil Procedure section 631.8, explaining only, "it's clear [Lewis] has failed to appear. . . . And I would note that this lawsuit was originally filed in—in pro per. So the fact that he is in pro per again is not of the Court's doing, certainly." A judgment reciting the events and theories discussed above was executed on July 30, 2012.

## II. DISCUSSION

Lewis contends the trial court erred in denying his oral request for a continuance and in entering judgment against him.

We agree that the trial court abused its discretion in denying Lewis's request for a continuance of the trial date. Such continuances are governed by California Rules of Court, rule 3.1332, which states, "Although continuances of trials are disfavored, each request for a continuance must be considered on its own merits. The court may grant a continuance only on an affirmative showing of good cause requiring the continuance."[1] (Cal. Rules of Court, rule 3.1332(c).) We review the trial court's ruling on a motion for a continuance for abuse of discretion. (*Thurman v. Bayshore Transit Management, Inc.* (2012) 203 Cal.App.4th 1112, 1126.)

The withdrawal or illness of counsel constitutes good cause for a continuance of the trial date. (*Forrest v. Department of Corporations* (2007) 150 Cal.App.4th 183, 199 (*Forrest*), disapproved on other grounds in *Shalant v. Girardi* (2011) 51 Cal.4th 1164, 1172 [withdrawal]; *Hernandez v. Superior Court* (2004) 115 Cal.App.4th 1242, 1246 (*Hernandez*) [illness].) " '[T]he constitutional due process guarantee does embrace' the right of a civil litigant to be represented by retained counsel [citation]. But the right to

---

[1] Among the examples of good cause itemized by California Rules of Court, rule 3.1332 are "[t]he unavailability of trial counsel because of death, illness, or other excusable circumstances" and "[a] significant, unanticipated change in the status of the case as a result of which the case is not ready for trial." (Cal. Rules of Court, rule 3.1332(c)(3), (7).) In addition to the showing of good cause, the rule lists a number of relevant circumstances to be considered. (Cal. Rules of Court, rule 3.1332(d).)

representation and to a continuance to allow for that representation is not unlimited and must be considered and balanced with any possible detriment to other parties and the efficient administration of justice." (*Forrest,* at p. 199, fn. omitted.) " ' "While it is true that a trial judge must have control of the courtroom and its calendar and must have discretion to deny a request for a continuance when there is no good cause for granting one, it is equally true that, absent [a lack of diligence or other abusive] circumstances which are not present in this case, a request for a continuance supported by a showing of good cause usually ought to be granted." ' " (*Oliveros v. County of Los Angeles* (2004) 120 Cal.App.4th 1389, 1396 (*Oliveros*).)

The trial court's denial of a continuance to Lewis plainly had the effect of denying him the due process right of the assistance of counsel, since, as he told the court, he would be unable to retain counsel without a continuance. The trial court acknowledged as much when it noted Lewis was unlikely to be ready for trial on the scheduled date. The court's ruling might nonetheless be upheld if other circumstances justified the denial of a continuance, but none did. There had been no prior continuances, for example, and there was no contention the withdrawal of counsel occurred for a tactical reason. (See, e.g., *Forrest, supra,* 150 Cal.App.4th at pp. 200–202.) Defendants cited no prejudice from a continuance; defense counsel was merely concerned that a voluntary dismissal by Lewis would avoid a judgment with res judicata effect. Similarly, the court articulated no circumstances justifying a denial, other than the trial date had been set several months prior. The court's trial calendar alone is not a sufficient reason for denying a continuance in these circumstances. (*Oliveros, supra,* 120 Cal.App.4th at p. 1399; *Hernandez, supra*, 115 Cal.App.4th at p. 1246.)

Defendants argue Lewis's motion for a continuance was procedurally improper under California Rules of Court, rule 3.1332(b), having been presented orally and without documentary evidence. While we acknowledge the procedural impropriety of the motion, defendants did not object on this ground at the time, and the trial court elected to consider the motion on its merits. If the objection had been raised in the trial court, Lewis would have had the opportunity to bring a timely and procedurally proper ex parte

4

motion under the rule. Further, defendants have shown no prejudice from Lewis's failure to comply with the procedural requirements. Accordingly, we find this objection to be forfeited. (E.g., *Carlton v. Quint* (2000) 77 Cal.App.4th 690, 697.)

Nor do we find the trial court's entry of judgment to be legally supportable. If a plaintiff does not appear for trial, the matter may be dismissed without prejudice. (Code Civ. Proc., § 581, subd. (b)(5); *Vernon v. Great Western Bank* (1996) 51 Cal.App.4th 1007, 1012–1013.) If asked to do so, the trial court presumably could have dismissed Lewis's complaint without prejudice, and we would have reviewed that ruling for abuse of discretion. (*Link v. Cater* (1998) 60 Cal.App.4th 1315, 1321.)

Dismissal *with* prejudice under Code of Civil Procedure section 631.8, however, was error. The statute provides: "After a party has completed his presentation of evidence in a trial by the court, the other party, without waiving his right to offer evidence in support of his defense or in rebuttal in the event the motion is not granted, may move for a judgment. The court as trier of the facts shall weigh the evidence and may render a judgment in favor of the moving party, in which case the court shall make a statement of decision as provided in Sections 632 and 634, or may decline to render any judgment until the close of all the evidence. The court may consider all evidence received, provided, however, that the party against whom the motion for judgment has been made shall have had an opportunity to present additional evidence . . . ." (Code Civ. Proc., § 631.8, subd. (a).) The language plainly anticipates that any judgment rendered will be on the merits, taking into consideration the plaintiff's evidence. Decisions confirm this reading. (E.g., *Lingenfelter v. County of Fresno* (2007) 154 Cal.App.4th 198, 204 ["a motion for judgment [under section 631.8] is available only after the party against whom the motion is made has presented his or her evidence. . . . the trial court must decide questions of credibility, must weigh the evidence, and must make findings of fact"]; see similarly *Ford v. Miller Meat Co.* (1994) 28 Cal.App.4th 1196, 1200.) Because Lewis presented no evidence and defendants made only an offer of proof, it would have been impossible for the trial court to carry out its duty of weighing the evidence and making findings of fact, and it did not do so.

5

Citing *Richaud v. Jennings* (1993) 16 Cal.App.4th 81, defendants argue Lewis should be deemed to have abandoned his case, making appropriate, at a minimum, a dismissal without prejudice under Code of Civil Procedure section 581. The plaintiff in *Richaud* actually stipulated to a judgment in order to appeal an adverse evidentiary ruling that prevented him from proving his case. (*Id.* at p. 86.) Even if we were to accept the parallel between the two cases, *Richaud* would not prevent Lewis from appealing the denial of his motion for a continuance and seeking reversal of the judgment.

Defendants also argue Lewis would have been precluded from proving his case because he failed to file a trial management conference report, in violation of a local rule. Terminating sanctions are not mandatory under the local rules, and defendants failed to request them. It is mere speculation to contend Lewis would have been subject to such sanctions.

Defendants contend the trial court had inherent authority to dismiss the case with prejudice. Because Code of Civil Procedure section 581, subdivision (d), dictates a dismissal without prejudice in these circumstances, it is by no means clear the trial court had the inherent authority to dismiss with prejudice, and defendants cite no authority for their contention. Defendants finally argue there was an evidentiary basis for the trial court to decide the case on the merits. Because no evidence was actually presented at trial, the availability of evidence to support the decision is irrelevant.

The trial court's entry of judgment with prejudice must be vacated. Although a dismissal without prejudice under Code of Civil Procedure section 581 might have been affirmed, the trial court did not exercise its discretion under section 581, and we are unwilling to substitute our judgment for that of the trial court. Further, in light of the trial court's error in denying Lewis a continuance to find new counsel, we conclude the appropriate appellate remedy is to remand the case for a trial.

## III.  DISPOSITION

The judgment of the trial court is vacated, and the matter is remanded for further proceedings consistent with this decision.

_____
Margulies, Acting P.J.

We concur:

_____
Dondero, J.

_____
Becton, J.[*]

---

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.